IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL & SHIRLEY GREGORY, | |
| Plaintiffs, | No. CIV S-10-1872 KJM EFB |
| vs. | |
| ALLIED PROPERTY & CASUALTY INSURANCE COMPANY, et al., | BILL OF COSTS ORDER |
| Defendants. / | |

After prevailing on summary judgment on plaintiffs' claims stemming from a denial of insurance coverage, defendants filed a bill of costs in the amount of $4,467.23, relying on 28 U.S.C. § 1920. (ECF 67.) Plaintiffs object to four different costs and request revisions accordingly. (ECF 68.) The court sustains in part and overrules in part the defense objections, and awards costs in the reduced amount of $1,813.19 as discussed below.

I. LEGAL STANDARD

"Unless . . . a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." FED. R. CIV. P. 54(d). Under Rule 54, the district court generally has discretion to determine what constitutes a taxable cost within the meaning of 28 U.S.C. § 1920. *See Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1997);

1

*Alflex Corp. v. Underwriters' Lab., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990).  However, "the discretion granted by Rule 54(d) is not a power to evade [the Rule's] specific congressional command.  Rather, it is solely a power to decline to tax, as costs, the items enumerated in [28 U.S.C.] § 1920."  *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987).

II.   ANALYSIS

    A.   Fees For Service Of Summons And Subpoenas

Plaintiffs object to fees for service of summons and deposition subpoenas for three reasons.  First, defendant has not demonstrated the fees do not exceed the U.S. Marshal's fees for service, as required by Rule 292(f) of the Local Rules of the Eastern District of California.  Second, it is within the discretion of the court to deny costs for depositions.  Third, costs were claimed for depositions that either never occurred or were not necessary.

Plaintiffs' initial objection is valid.  The Marshal's fees are established by regulation at an hourly rate.  28 C.F.R. § 0.114.  Here, the length of time required for the service effected is not noted and the Marshal's fees for service cannot be calculated.  (ECF 67, Ex. A.)  Defendants have not demonstrated the level of compensation to which they are entitled.  This objection is sustained.

Additionally, the service invoices appear to include charges beyond mere service, without further explanation or justification.  In particular, fees are included for preparation of the subpoena, service in a remote area and rush service, and nearly two hundred dollars in copy fees.  (*Id.* at 6-7, 11-12, 15-21.)  The Marshal's fee schedule established by regulation does not include services for preparation of the documents served, or fees altered based upon the location served or rush service.  28 C.F.R. § 0.114(a).  The Marshal does offer copying services at $.10 per page, but this court is not persuaded that the large expense claimed for copies, $191.25, was necessary because copies appear unnecessary to service of process, a conclusion supported by the many service charges that included no copying charges.  (ECF 67, Ex. A at 8-10, 12-21.)  It is reasonable to draw a distinction between those expenses necessary to the action and those

intended for the convenience of counsel. *See Willnerd v. Sybase, Inc.*, No. 1:09–cv–00500–BLW, 2012 WL 175341, at *6 (D. Idaho Jan. 20, 2012). Defendant has not made the additional showing that would be required for the court to find that copying or rush service was required and service at the regular rate was not feasible. This objection is sustained.

Courts also distinguish between those depositions taken to provide counsel a greater perspective on the issues in a case and those taken in preparation for litigation. *Id.* Necessary depositions include those reasonably taken but ultimately not used because precluded by a favorable summary judgment motion. *Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990). Here, the court cannot tell if the depositions to which plaintiff raises objections were necessary because defendant has not provided the information to support such an analysis. This objection is also sustained.

B.  Fees For Deposition Transcripts

Plaintiffs object to the costs of deposition transcripts, noting these costs are allowable only in the discretion of the court. (ECF 68 at 4.)

"Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party which may only be overcome by pointing to some impropriety on the part of the prevailing party that would justify a denial of costs." *Russian River Watershed Prot. Comm. v. City of Santa Rosa*, 142 F.3d 1136, 1144 (9th Cir. 1998) (citations omitted). Plaintiffs' objection to the costs of these transcripts does not identify any improprieties; it is overruled. The costs of transcripts will be taxed against plaintiffs.

C.  Clerk's Fees

Plaintiffs object to $710.00 of the $1,060.00 clerk's fees claimed. (ECF 68 at 5.) Defendant paid these fees to the Sutter County Superior Court. (*Id.*)

Clerk's fees may be recovered under 28 U.S.C. §§ 1920(1) and 1923. Neither statute provides for taxing clerk's fees paid to state courts, and district courts are constrained by

/////

the federal statutes delineating taxable costs. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987).

Without the fees claimed for the state court filings, the adjusted fees total $350.00.

D.  Copy Fees

Plaintiffs object to $30.54 claimed for copies because their use in litigation has not been documented. (ECF 68 at 5.)

The copy invoice defendant provides states the copies were for "DARYL & SHIRLEY GREGORY at KAISER PERMANENTE NORTH VALLEY MEDICAL CENTER." (ECF 67, Ex. D.)  The natural inference is that these copies related to medical records for Shirley Gregory.  In light of defendant's factual contention that Mrs. Gregory suffered from a medical condition that caused her to wrongly believe her house was infested with mites, these medical records would have been necessary to the defense of the case had it proceeded to trial.  (Def.'s Mem. Supp. Mot. Summ. J. at 6-7.)

For the reasons discussed above, defendant's Bill of Costs is adjusted to reflect a new total of $1,813.19.

IT IS SO ORDERED.

DATED:  March 11, 2013.

_____
UNITED STATES DISTRICT JUDGE